UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-03223-RGK-ADS | Date | August 4, 2026 |
| Title | ***Juan Carlos Lopez Montel v. D. Marin et al.*** | | |

| | | |
|---|---|---|
| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| | |
|---|---|
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) Order Re: Writ of Habeas Corpus [1]**

## I. INTRODUCTION

The following is adopted from the Report & Recommendation:

Petitioner, a citizen of Venezuela, alleges he has been detained by Respondents since March 11, 2026. (ECF No. 1 at 2.) He alleges he has a pending asylum application. (*Id.*) He alleges he continues to be detained without a bond hearing, a written custody determination, or any individualized assessment justifying his detention. (*Id.* at 8.) Petitioner seeks habeas relief on six grounds. Specifically, Petitioner asserts: (1) Petitioner's continued detention violates his substantive due process rights; (2) Petitioner's procedural due process rights were violated by his re-detention without any pre-deprivation process and his continued detention without any individualized custody determination; (3) Petitioner's continued detention violates the Administrative Procedure Act; (4) Petitioner's continued detention is arbitrary and capricious; (5) Petitioner's detention is in excess of Respondent's statutory authority and is ultra vires; and (6) Petitioner's continued detention violates the Accardi Doctrine. (*Id.* at 29-37.) Petitioner requests immediate release from custody or, in the alternative, an individualized bond hearing before a neutral decision maker. (*Id.* at 38.)

Respondents filed an Answer. (ECF No. 11.) Respondents do not meaningfully oppose Petitioner's grounds for relief. (*Id.* at 2.) However, Respondents contend Petitioner's relief should be limited to a bond hearing, arguing that "release is inappropriate because Petitioner's criminal history." (*Id.*)

Petitioner filed a Reply, arguing that Respondents' concession that he is entitled to a bond hearing "confirms the violation without curing it." (ECF No. 18 at 5.) Petitioner contends "the violation here is the absence of pre-deprivation process, and a hearing after the fact does not remedy it." (*Id.* at 6.) Petitioner argues that his recent misdemeanor convictions should not alter this analysis because Petitioner has been in the United States "for twenty months, built a work history, paid taxes, pursued asylum, and never missed an appointment." (*Id.* at 2.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-03223-RGK-ADS | Date | August 4, 2026 |
| Title | ***Juan Carlos Lopez Montel v. D. Marin et al.*** | | |

## II. DISCUSSION

Petitioner asserts his continued detention without a bond hearing, a written custody determination, or any individualized assessment justifying his detention violates due process. (ECF No. 1 at 2.) Respondents present no meaningful opposition to Petitioner's grounds for relief. (ECF No. 11.) Respondents argue that, because of Petitioner's misdemeanor convictions, Petitioner's relief should be limited to a bond hearing. (*Id.* at 2.) Thus, the only question before the Court is the appropriate remedy for Respondents' violation.

The Court finds that the appropriate remedy to be a bond hearing. The "Supreme Court has emphasized that due process is flexible and has rejected the proposition that due process always requires a pre-deprivation hearing." *Kilroy v. Los Angeles Unified Sch. Dist.*, 2018 WL 7916367, at *10 (C.D. Cal. Dec. 6, 2018), *report and recommendation adopted sub nom. Kilroy v. Los Angeles Unified Sch. Dist. Bd. of Educ.*, 2019 WL 1429615 (C.D. Cal. Mar. 29, 2019), *aff'd*, 810 F. App'x 558 (9th Cir. 2020) (citing *Gilbert v. Homar*, 520 U.S. 924, 930 (1997)). In the bond hearing, the immigration judge will determine whether Petitioner now poses a danger to the community or is a flight risk, and if he does not, will release him. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022). The bond hearing will sufficiently protect Petitioner's liberty interest in remaining in the community.

## III. CONCLUSION

The Petition is **GRANTED**. It is therefore **ORDERED:**

**(1) Respondents are enjoined from detaining Petitioner unless Respondents provide Petitioner (A-Number: 244-630-584) with a bond hearing within seven (7) days of this Order's issuance.**

**IT IS SO ORDERED.**

______ : ______

Initials of Preparer JRE/sh